## THE NATIONAL BANK OF NEWBURGH, RESPONDENT, v. DANIEL SMITH, APPELLANT.

*Note — appropriation of maker's bank deposit in payment of.*

APPEAL from a judgment in favor of the plaintiff, entered upon the trial of this action by the court, without a jury.

The defendant is sued as indorser of a promissory note made by one Thomas George, payable to the order of the defendant and indorsed by him to the plaintiff. The note was for $500, dated February 4th, 1874, and payable ten days after its date at the plaintiff's bank. George, the maker, kept an account at the plaintiff's bank. The practice had been to charge the notes of George in his account as they fell due at the plaintiff's bank, in case the account was good for the amount at the time the note matured; not otherwise. When the note in suit matured there was only about the sum of ten dollars to the credit of George, and the note in question was not charged up in his account. On the 2d day of March, 1874, George made a general deposit of the sum of $500 to his credit in the bank, without any specific directions as to the application or appropriation of the amount. This sum was passed to the general credit of George at the time of the deposit, and

subsequently paid out by the bank in payment of a note made by George and payable at the plaintiff's bank for $500, due March 4th, 1874, payable to the order of one Burton, and which was presented to the plaintiff for payment through its exchanges on the day it fell due. The defendant claimed that the note in suit was paid by the deposit of the $500 on the second of March. The General Term *held*, that this was not so. That the note had matured, and the liability of both George and the defendant had become fixed and absolute before the deposit was made ; and that there was no appropriation of the money to the note in suit, by either the debtor or the creditor, and no circumstances making the inference of such intent necessary. On the contrary, the act of making a general deposit of the money on account, without any reference to the note in suit by the debtor or creditor, indicates that the deposit was not designed or received as a payment of the note in suit, and the acquiescence, so far as appears, of the depositor in the subsequent appropriation of the money, affords evidence that there was no intention of applying it to the note in suit. (*Beardsley* v. *Warner*, 6 Wend., 610 ; *Pitts* v. *Congdon*, 2 Comst., 352 ; *Marsh* v. *Oneida Bank*, 34 Barb., 298.)

*Cassedy & Brown*, for appellant. *E. A. Brewster*, for respondent.

Opinion by TALCOTT, J.

Present — BARNARD, P. J., TAPPEN and TALCOTT, JJ.

Judgment affirmed.